# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued November 9, 2010      Decided February 15, 2011

No. 10-5048

SAEED MOHAMMED SALEH HATIM, DETAINEE, CAMP DELTA,
ET AL.,
APPELLEES

v.

ROBERT M. GATES, SECRETARY, U. S. DEPARTMENT OF
DEFENSE, ET AL.,
APPELLANTS

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:05-cv-01429)

———

*Sharon Swingle*, Attorney, U.S. Department of Justice, argued the cause for appellants. With her on the briefs were *Ian Heath Gershengorn*, Deputy Assistant Attorney General, and *Robert M. Loeb*, Attorney.

*Brian E. Foster* argued the cause for appellees. With him on the brief were *S. William Livingston*, *Alan A. Pemberton*, and *David H. Remes*. *Marc D. Falkoff* entered an appearance.

Before: HENDERSON, *Circuit Judge*, and WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:  Saeed Mohammed Saleh Hatim, a Yemeni national, is a prisoner at the Guantanamo Bay Naval Base.  The district court granted Hatim's petition for a writ of habeas corpus in December 2009.  *Hatim v. Obama*, 677 F. Supp. 2d 1 (D.D.C. 2009).  After the district court entered its order, this court issued decisions inconsistent with several of the district court's legal premises.  We see no useful purpose in reciting the evidence.  The order granting the writ must be vacated and the case remanded.  The district court candidly acknowledged as much when it issued a stay of its order pending this appeal.

 The district court ruled that the military could detain only individuals who were "part of" al-Qaida or the Taliban; and that Hatim did not fit that description.  That ruling is directly contrary to *Al-Bihani v. Obama*, which held that "those who purposefully and materially support" al-Qaida or the Taliban could also be detained.  590 F.3d 866, 872 (D.C. Cir. 2010).  Hatim admits the error, but says it was harmless.  We cannot see how.  As the district court stated in issuing the stay, *Al-Bihani* "calls into question" a "key determination[]" upon which the order rested.

The district court also ruled that in order to detain Hatim the government had to prove that he was part of the "command structure" of al-Qaida or the Taliban.  Our intervening decisions in *Bensayah v. Obama*, 610 F.3d 718, 725 (D.C. Cir. 2010), and *Awad v. Obama*, 608 F.3d 1, 11 (D.C. Cir. 2010), held that although it is sufficient to show that an individual is in the command structure, such a showing is not necessary in order to defeat a habeas petition.

In addition, the district court appeared to evaluate the evidence on the basis of an approach we have since rejected in

*Al-Adahi v. Obama*, 613 F.3d 1102, 1105-06 (D.C. Cir. 2010), *cert. denied*, 79 U.S.L.W. 3254 (U.S. 2011). *See also Salahi v. Obama*, 625 F.3d 745, 753 (D.C. Cir. 2010).

In light of these legal developments occurring after the district court issued its order, the government and Hatim should have the opportunity on remand to present additional evidence.

*Vacated and remanded.*